**Elofsky v. Metz**

*Steven Manbeck,* for child.
*Ralph A. Germak,* for plaintiff.
*Randall Zimmerman,* for defendant.

REHKAMP, *J.,* September 15, 1992—This case presents a relatively new issue to be decided by this court concerning estoppel by acts of the father of a child and whether that estoppel would prevent the administration of blood tests to determine paternity in a support context. The child's attorney, Steven Manbeck, Esquire, brought this issue before the court by filing an answer to a rule to show cause issued by this court why blood tests should not be performed upon the parents. Apparently, both parents agreed to blood tests and the child's attorney objected thereto.

In this context 23 P.S. §5102 provides three basis upon which to establish paternity being:

"(1) If the parents of a child born out of wedlock have married each other;

"(2) If, during the lifetime of the child, it is determined by clear and convincing evidence the father openly holds out the child to be his and either receives the child into his home or provides support for the child;

"(3) If there is clear and convincing evidence that the man was the father of the child, which may include a prior court determination of paternity."

In the factual context of this case, the third basis does not seem to be present in that there is no prior court determination of paternity and Mr. Metz is denying that he is the father of the child. However, this court finds that there is a sufficient factual basis for both Items 1 and 2 above and that this court is satisfied that Michael Metz and Brenda Elofsky are the parents of the subject child and that they married each other, lived together briefly, separated and presented this issue to the court. In addition, this court is satisfied by clear and convincing evidence that the father, in the past, has openly held himself out to be the father of the child, has taken the child into his home and provided financial support for his wife and child while the parents of the child were living together. Factually, the parties met the end of September or beginning of October of 1989, mother admitting that she had sexual intercourse with Mr. Metz, who does not deny same, with the only question as to when the sexual intercourse commenced in relationship to the birth of the child on July 23, 1990. Although no medical evidence was presented at this hearing, it appears that the child's birth would be consistent with the incidents of sexual intercourse between the parties. This court is satisfied that the mother was credible in stating that she only had sexual intercourse with Mr. Metz during the time of conception. Therefore, this court by clear and convincing

evidence has found that Mr. Metz is the father of said child.

Subsequently, the parties married after living together for approximately a year after the birth of the child and separated 16 days thereafter.

On the estoppel issue, Mr. Metz was present when the child was born in the hospital, his name was placed upon the birth certificate by the mother as the last name of the child, the parties then lived together after the birth of the child for approximately a year until they got married and Mr. Metz did provide money for household expenses, including the child's expenses and did change the child's diapers on occasion.

For the above reasons, this court finds that there is no necessity under the factual circumstances of this case to require the natural parents and child to undergo blood testing in the context of a support case.

## ORDER

And now, September 15, 1992, after hearing and review of the statutory and case law on point, no blood testing shall be performed upon the subject child and parents as this court is satisfied that the parties are the natural parents of the child and that they got married and in addition that the father of the child is estopped by his actions in accordance with 23 P.S. §5102(b)(2).

The defendant's motion for discovery made orally at the hearing is hereby denied.